IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT HOWELL, | CASE NO. 4:20-cv-1084 |
| Petitioner, | JUDGE JAMES R. KNEPP II |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| MARK WILLIAMS, *et al.*, | **REPORT AND RECOMMENDATION** |
| Respondents. | |

## INTRODUCTION

On May 18, 2020, Petitioner Robert Powell filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 releasing him to "alternative confinement." (ECF #1). At the time he filed the Petition, Mr. Powell was incarcerated at FCI Elkton. (*Id.*). He alleged that due to a variety of medical conditions, as well as alleged "unsanitary conditions" at FCI Elkton, he was entitled to be released to home confinement, furlough, non-transfer furlough, or "RRC placement." (*Id.*).

Respondent Mark Williams, in his official capacity as Warden of FCI Elkton, filed a Return and Answer to Petition for Writ of Habeas Corpus on October 1, 2020. (ECF #6). Warden Williams argued the petition should be dismissed because it was duplicative of litigation pending in this District, *Wilson v. Williams*, Case No. 4:20-cv-794, a class action challenging the conditions at FCI Elkton as a result of the COVID-19 pandemic. (*Id.* at PageID 15). Warden Williams further argued that Mr. Powell was not entitled to invoke § 2241. (*Id.* at PageID 16). Finally, Warden Williams maintained that FCI Elkton had not violated Mr. Powell's Eighth Amendment rights. (*Id.* at PageID 17).

1

Mr. Powell did not file a Traverse to the Writ. In fact, Warden Williams' Return and Answer is the last filing by either party.

When first filed, this matter was randomly assigned to the docket of District Judge Jeffrey J. Helmick. (Non-document entry of May 18, 2020). On August 31, 2020, pursuant to Local Rule 72.2(b)(2), this matter was referred to then-Magistrate Judge James R. Knepp II for preparation of a Report and Recommendation. (Non-document entry of August 31, 2020). Upon Judge Knepp's confirmation as a District Judge and pursuant to General Order 2020-26, the matter was reassigned to another Magistrate Judge (non-document entry of November 23, 2020), and was subsequently transferred from Judge Helmick's docket to Judge Knepp's docket (non-document entry of December 8, 2020).

Finally, pursuant to General Order 2021-06, the matter was reassigned to me. (Non-document entry of May 26, 2021). For the reasons discussed below, I recommend the Petition be **DISMISSED** as moot.

LAW AND ANALYSIS

A review of the Court's docket in this matter shows that Mr. Powell is no longer in federal custody. (ECF #7). Following the administrative reassignment from Judge Helmick to Judge Knepp, the Clerk of Court forwarded a copy of the pertinent order to Mr. Powell. On or about January 25, 2021, the United States Postal Service returned the mailing to the Clerk of Court, marked as "not deliverable" and "unable to forward." (*Id.*). My independent review of the Bureau of Prison's Inmate Locator confirms Mr. Powell's release from federal custody on or about January

6, 2021. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (Robert Nelson Howell, BOP Register No. 09232-026, release date Jan. 6, 2021) (last visited Jan. 4, 2022).[1]

It is black letter law that federal courts only decide actual cases or controversies. "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)) (additional citation omitted). "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530 (6th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002). "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). This occurs, and the court's jurisdiction abates, when "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur," and "(2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (cleaned up). "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." *Id.*

Mr. Powell's release from FCI Elkton fully "eradicated the effects of the alleged violation" set forth in his Petition. I presume Mr. Powell will not return to jail after being released for this offense and thus there is no reasonable expectation of a recurrence of the alleged violation. Under

---

[1] "The Court may take judicial notice of information on the Inmate Locator Service." *Powell v. Hanson*, No. 4:15-CV-408, 2016 WL 7492470, at *1 n.3 (N.D. Ohio Dec. 30, 2016).

3

these circumstances, there is no basis for this Court to provide Mr. Powell with the only form of relief he seeks—alternate confinement—because he has already been released from federal custody. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that prisoner's claim for injunctive relief related to his conditions of confinement was moot because when he was no longer confined to the institution where the alleged constitutional violation occurred); *Penland v. Warren Cnty. Jail*, 759 F.2d 524, 526 n.1 (6th Cir. 1985) (finding that plaintiffs' release from county jail mooted their request for injunctive relief to remedy the conditions of confinement at the jail).

Put simply, "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir.), *cert. denied*, 545 U.S. 1149 (2005). Furthermore, "under the mootness doctrine, if an event occurs ... that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case, rather than issue an advisory opinion." *Onosamba-Ohindo v. Barr*, 483 F. Supp. 3d 159, 172–73 (W.D.N.Y. 2020) (cleaned up). That is the case here. Accordingly, Mr. Powell's Petition should be dismissed as moot.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, I recommend the Petition be **DISMISSED** as moot.

Dated: January 4, 2022

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).