IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT HOWELL,**

    Petitioner,

    v.

**MARK WILLIAMS, et al.,**

    Respondents.

CASE NO. 4:20 CV 1084

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Darrell A. Clay's Report and Recommendation ("R&R") to dismiss as moot Petitioner Robert Howell's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 8).

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2). The failure to file timely written objections to a Magistrate Judge's R&R constitutes a waiver of *de novo* review by the district court of any issues covered in the R&R. *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

In this case, the R&R was issued on January 4, 2022, and it is now January 21, 2022. Petitioner has neither filed objections nor requested an extension of time to file them.[1] Despite the

---

1. The R&R recommends this Court find the Petition moot because Petitioner was released from federal custody over one year ago, on January 6, 2021. (Doc. 8, at 2-3). An administrative reassignment order mailed to Petitioner was returned undeliverable, with no forwarding address

lack of objections, the Court has reviewed Judge Clay's R&R, and agrees with the findings and recommended rulings therein. Therefore, the Court ADOPTS Judge Clay's R&R (Doc. 8) as the Order of this Court, and DENIES Petitioner's Petition (Doc. 1) as moot set forth therein.

The Court further finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                                    s/ *James R. Knepp II*
                                                   UNITED STATES DISTRICT JUDGE

---

on January 25, 2021. (Doc. 7). As such, the R&R was not mailed to Petitioner. But *pro se* litigants have the same obligation as an attorney to notify the court of a change of address. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, 2009 WL 2595604, *1 n.1 (W.D. Mich.) (quoting *Kelly v. Wal-Mart, Inc.*, 2007 WL 2847068, *1 (N.D.N.Y.)).